Thomas J. WALSH

v.

NEW LONDON HOSPITAL, et al.

Civ. No. 91–710–SD.

United States District Court,
D. New Hampshire.

March 10, 1994.

Thomas J. Walsh, pro se.

John E. Friberg, Manchester, NH, for defendant Evans.

William L. Chapman, Concord, NH, for Hitchcock Clinic.

William L. Chapman, Concord, NH, for M. Hitchcock Mem. Hosp.

Michael P. Lehman, Concord, NH, for New London Hosp.

## ORDER

DEVINE, Senior District Judge.

This order addresses the issues raised by certain pretrial motions filed in behalf of the respective defendants. The plaintiff objects.

*1. The Motions Seeking to Raise the Issue of Plaintiff's Comparative Fault Grounded on Plaintiff's Alleged Alcoholic Intoxication (documents 46, 52, 53, 58, 51, 55)* [1]

*Comparative Fault*

██ Defendants contend that under New Hampshire Revised Statutes Annotated

---

1. Document 46 is the legal memo of Dr. Evans on comparative fault issues. *It is joined in by* codefendants Mary Hitchcock Memorial Hospital and Hitchcock Clinic (jointly "Hitchcock"), document 53, and New London Hospital (NLH), document 58. Document 52 is the plaintiff's *opposition to these motions.*

Document 51 is the NLH motion to allow evidence of plaintiff's consumption of alcohol,

---

(RSA) 507:7–d (Supp.1993), "the plaintiff's fault related to the accident of October 31, 1989, may be raised as a defense to the malpractice claims against the defendants." Defendant Evans' Memorandum of Law on Comparative Fault Issues at 2 (document 46).

Defendants have cited no authority stating that a plaintiff's conduct occasioning his injury can constitute fault for the improper medical treatment of such injury. The only case defendants cite to support their novel theory of comparative fault in a medical malpractice action is *McCann v. Lester*, 239 N.J.Super. 601, 571 A.2d 1349 (A.D.1990), which the court finds inapposite. The facts set forth in *McCann* indicate that the plaintiff, who brought a medical malpractice action regarding treatment he received for sinus problems, continued to smoke cigarettes following procedures designed to correct such problems. *Id.* 571 A.2d at 1350. Here, defendants do not suggest that plaintiff engaged in negligent conduct *following* the relevant medical treatment.

The court finds and rules that under Rule 402, Fed.R.Evid., defendants are precluded from presenting evidence of plaintiff's negligence in causing the accident of October 31, 1989, to prove the comparative fault of the plaintiff.

### Plaintiff's Consumption of Alcohol

Defendant NLH seeks to introduce evidence that plaintiff consumed alcohol on the night of his auto accident, contending that such evidence "is relevant to the reasonableness of the speed of treatment at New London and on the issue of how the New London ambulance crew and Francis Evans, M.D., evaluated and treated the plaintiff." NLH's Motion In Limine to Admit Evidence of Plaintiff's Consumption of Alcohol at 1 (document 51). In opposition, plaintiff argues (1) that "[t]he evidence in this case demonstrates that the issue of plaintiff's intoxication has no relevance to his treatment," Plaintiff's Opposition to NLH's Motion in Limine to Admit Evidence of Plaintiff's Alcohol Consumption at 1 (document 55); and (2) that such evidence "would be irrelevant and prejudicial

and document 55 is the plaintiff's opposition

and is barred by Federal Rule of Evidence 403," *id.* at 7.

#### a. Assessment of Overall Condition

NLH asserts that "the Plaintiff's consumption of alcohol was a factor in the assessment of the Plaintiff's overall condition made at the scene of the accident by the EMTs." Memo in Support of NLH's Motion in Limine to Admit Evidence of Plaintiff's Consumption of Alcohol at 2. NLH points to no evidence tending to support this assertion. The court finds and rules that the issue of EMT assessment of plaintiff's overall condition does not provide a basis for finding that alcohol consumption evidence is relevant.

#### b. Plaintiff's Alleged Combativeness with EMTs

NLH contends that alcohol consumption evidence is relevant to show that "the Plaintiff was combative with the EMTs who attempted to provide treatment to him in the ambulance ride from the accident site to New London," *id.* at 2, and that the alleged combativeness "support[s] the reasonableness of the decision to transport the Plaintiff directly to New London rather than MHMH," *id.* at 3. NLH points to no evidence suggesting that plaintiff's alleged combativeness materially affected his treatment by the EMTs. The court finds and rules that the issue of plaintiff's alleged combativeness with the EMTs does not provide a basis for finding that alcohol consumption evidence is relevant.

#### c. Plaintiff's Alleged Combativeness and Failure to Cooperate in the Emergency Room

NLH contends that "while in the emergency room at New London the Plaintiff once again was combative and uncooperative," *id.* at 3, and that such combativeness is relevant based on the testimony of plaintiff's expert, Dr. Francis E. Gilbertson, *id.* According to NLH, "Dr. Gilbertson ... testified in his deposition that emergency medical staff can experience significant difficulties in treating patients who are under the influence of alco-

thereto.

hol, and such difficulties were experienced in this case, thereby delaying treatment of the Plaintiff." *Id.* (citing Deposition of Francis E. Gilbertson, M.D., at 90–91).

Dr. Gilbertson testified that the effect of a patient's drinking upon evaluation and treatment "depends on the level of intoxication." Gilbertson Deposition at 90. Said testimony does not provide the factfinder with a basis for determining the likely effect upon evaluation and treatment of the plaintiff's putative level of intoxication. The court finds and rules that the plaintiff's alleged combativeness and failure to cooperate in the emergency room at NLH does not provide a basis for finding that alcohol consumption evidence is relevant.[2]

#### d. The Anesthesia Issue

NLH contends evidence that plaintiff was under the influence of alcohol is relevant to counter plaintiff's allegation "that Dr. Evans, should not have put the Plaintiff under general anesthesia to reduce his dislocated elbow because of the delay that resulted while the Plaintiff was awakening from the anesthesia." NLH's Memo at 4. To support this argument, NLH states, "it is anticipated that there will be expert testimony presented at trial indicating that the alcohol in Plaintiff's system caused him to remain under anesthesia much longer than expected." *Id.* However, NLH fails to specify any such testimony.

The court finds and rules that the issue of the length of time plaintiff remained under anesthesia does not provide a basis for finding that alcohol consumption evidence is relevant.

#### e. Dispute Over Blood Alcohol Sample

NLH argues that "part of the time it took to treat the Plaintiff at New London was caused by the dispute between the Plaintiff's

wife and the police over whether the police could take a blood alcohol sample from the Plaintiff." *Id.* at 4. However, when asked at his deposition whether this effort or attempt to draw blood "delay[ed] to any extent" plaintiff's departure, Dr. Evans replied that it did not. Evans Deposition at 104. The court finds and rules that the issue of the purported dispute over whether the police could take a blood alcohol sample from plaintiff does not provide a basis for a finding that alcohol consumption evidence is relevant.[3]

In light of the above, the court finds and rules that defendants are precluded from introducing evidence of alcohol consumption for any substantive purpose under Rule 402, Fed.R.Evid. Further, assuming arguendo that evidence of alcohol consumption is relevant for any substantive purpose, the court finds and rules that such evidence would be inadmissible under Rule 403, Fed.R.Evid., because its probative value is substantially outweighed by the danger of unfair prejudice resulting from the jury's exposure to the issue of plaintiff's alleged intoxication.

#### f. Impeachment

The court finds and rules that evidence of plaintiff's alcohol consumption is inadmissible for impeachment purposes under Rule 403, Fed.R.Evid., because its probative value is substantially outweighed by the danger of unfair prejudice resulting from the jury's exposure to the issue of plaintiff's alleged intoxication.

The court denies NLH's motion in limine to admit evidence of plaintiff's consumption of alcohol.

#### 2. Hitchcock Defendants' Motion to Preclude Medical Experts (document 49)

The Hitchcock defendants seek an order precluding plaintiff's medical experts, Francis E. Gilbertson, M.D., and Michael I.

---

2. In light of the foregoing, the court further finds and rules that NLH has failed to demonstrate that alcohol consumption evidence is relevant to show that Dr. Evans acted reasonably in ordering x-rays of plaintiff's neck and chest because plaintiff "could not be counted on to accurately report his symptoms." Memo in Support of NLH's Motion in Limine to Admit Evidence of Plaintiff's Consumption of Alcohol at 4.

3. Moreover, at final pretrial, the plaintiff withdrew any claim that legal fault on the part of the defendants was grounded on any attempt by Dr. Evans to withdraw blood for the purpose of alcohol testing. *See* Order of February 22, 1994, at 2. Document 43.

Greenberg, M.D., from testifying about aspects of plaintiff's treatment at Mary Hitchcock Memorial Hospital as to which said physicians do not have any specialized knowledge.

Rule 702, Fed.R.Evid., provides,

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

"The fact that the physician is not a specialist in the field in which he is giving his opinion affects not the admissibility of his opinion, but the weight the jury may place on it." *Payton v. Abbott Labs,* 780 F.2d 147, 155 (1st Cir.1985).

The court finds and·rules that Francis E. Gilbertson, M.D., and Michael I. Greenberg, M.D., possess sufficient medical knowledge to assist the trier of fact to understand the evidence and to determine facts in issue and that each is therefore qualified to testify as a medical expert under Rule 702.

The court denies the Hitchcock defendants' motion in limine.

*3. Objections to Trial Exhibits (documents 56, 57, 60)* [4]

The court defers its ruling on Plaintiff's Exhibit 9 until plaintiff has an opportunity to proffer authentication and the purpose for which it is introduced. Plaintiff's Exhibit 9 shall be marked for identification.

The court overrules defendant Evans' objection to Plaintiff's Exhibit 11, an NLH credentialing file concerning Francis C. Evans, M.D.

The court defers its ruling on the admissibility of Plaintiff's Exhibit 12 and Exhibits 15 and 16 for ID until plaintiff makes his proffers of relevancy at trial. Plaintiff's Exhibit 12 shall be marked for identification.

The court defers its ruling on Plaintiff's Exhibit 33, a compilation of medical literature, until plaintiff has an opportunity to lay

a foundation for the admissibility of the documents compiled therein. Plaintiff's Exhibit 33 shall be marked for identification.

*4. Motion to Exclude Evidence and Argument on Matters not in Controversy (document 50)*

 The court grants NLH's motion in limine to exclude evidence and argument on matters not in controversy insofar as NLH seeks to preclude evidence and argument concerning claims against NLH asserting vicarious liability on the basis of the conduct of Dr. Evans and/or Dr. Bauman, claims as to which NLH was granted summary judgment in this court's order of October 20, 1993. Otherwise, the court denies said motion and notes that it will address specific objections not herewith granted as they may arise at trial.

SO ORDERED.

---

**4.** Document 56 contains the "supplemental objections" of NLH to plaintiff's trial exhibits. Document 57 comprises the "objections" of NLH to such exhibits. Document 60 contains the objections of the defendant Evans to such exhibits.