Dudley v. Business Express            CV-93-581-SD  11/28/95
                    UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEW HAMPSHIRE


Terri Dudley;
Roger Dudley


     v.                                        Civil No. 93-581-SD


Business Express, Inc.;
Beech Aircraft Corp.


                              O R D E R


     This order addresses the issues raised by pending motions in

limine.[1]


1.  Plaintiffs' Motion in Limine # 1, document 47

     This motion seeks to bar reference to a prior tort action

brought by the same plaintiffs in a state court as a result of

chemical burns sustained by plaintiff Roger Dudley in 1988.

     The circumstances described in the motion are completely

different from and have no apparent connection with the accident

which gives rise to the present litigation.

_____

     [1]Although each motion filed by plaintiffs indicates that the
defendants object to the motion, no further objection has
actually been filed by any of the defendants.

Invoking the provisions of Rules 402[2] and 403,[3] Fed. R. Evid., plaintiffs move in limine to bar the introduction of any evidence concerning the prior state court litigation.

The "consequential facts"[4] in this litigation are those concerning (1) the liability, if any, of the defendants and (2) if liability of the defendants is proven, the amount of damages to be awarded as a result thereof. The prior state court litigation concerning these plaintiffs is not such a "consequential fact", and accordingly the motion in limine is herewith granted, and defendants are barred from attempting to introduce any evidence concerning such prior litigation.

## 2. Plaintiffs' Motion in Limine #2, document 48

---

[2]Rule 402, Fed. R. Evid., provides: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

[3]Rule 403, Fed. R. Evid., provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[4]Rule 401, Fed. R. Evid., provides: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

2

Apparently plaintiffs have made annual trips to Nevada to indulge their pastime of gambling. This motion seeks to bar evidence of plaintiffs' gambling habits.

The court concurs with plaintiffs that their enjoyment of the pastime of gambling does not give rise to "consequential facts" which are relevant to this litigation. This motion is also granted, and defendants are barred from introducing any evidence concerning the plaintiffs' gambling habits.

3. Plaintiffs' Motion in Limine #3, document 49

The accident which underlies this litigation occurred on September 21, 1991, when plaintiff Terri Dudley apparently struck her head on the door frame of an aircraft. Plaintiff has apparently traveled by aircraft on a number of occasions both prior and subsequent to the date of the accident.

Conceding that defendants are entitled to show the experience of plaintiff with aircraft door frames prior to the date of this accident, defendants move to bar any evidence of her subsequent experience as not relevant to these proceedings.

The court agrees that while plaintiffs may show evidence of plaintiff's prior experience with aircraft door frames, they are barred from attempting to introduce evidence of any subsequent experience of such nature, and the motion in limine is

3

accordingly herewith granted.

### 4. Defendants' Joint Motion in Limine, document 50

Contending that plaintiffs have failed to designate a qualified expert to testify concerning any knee injury caused by the accident, defendants seek to bar any evidence on that issue. In their objection, plaintiffs, however, point out that they have revealed to defendants medical testimony in support of this claim and that the fact that the physician prepared to testify thereto specializes in neurology rather than orthopedics goes only toward the weight, and not the admissibility, of her testimony. Document 51.

Finding the plaintiffs' contention is correct in this regard, the court herewith denies the motion in limine. See Mankoski v. Briley, 137 N.H. 308, 312-13, 627 A.2d 578, 581 (1993); Payton v. Abbott Labs, 780 F.2d 147, 155 (1st Cir. 1985); Walsh v. New London Hospital, 856 F. Supp. 22, 25 (D.N.H. 1994).

### 5. Conclusion

For the reasons detailed, the court has granted plaintiffs' motions in limine numbered 1, 2, and 3. Documents 47, 48, 49.

4

The court has denied the defendants' joint motion in limine. Document 50.

    SO ORDERED.


                          _____
                          Shane Devine, Senior Judge
                          United States District Court

November 28, 1995

cc:  David S. Osman, Esq.
     Garry R. Lane, Esq.
     Ronald L. Snow, Esq.