Dudley v. Business Express          CV-93-581-SD  05/15/96
                UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


Terri Dudley;
Roger Dudley

        v.                                    Civil No. 93-581-SD

Business Express, Inc.;
Beech Aircraft Corp.


                          O R D E R


     In this litigation, the trial of which is scheduled to

commence on Tuesday, May 21, 1996, a number of pretrial motions

are pending.[1]  The resolution of the issues posed by such motions

is the subject of this order.[2]

_____

     [1]At the time of final pretrial on May 7, 1996, the court
indicated its intent to draw two juries on the morning of May 21,
1996.  Commencement of trial in this case was to follow the
selection of the second jury.  As the second case has now
settled, the jury in this case will be the only jury selected on
the morning of May 21, and the trial will commence shortly after
the selection of such jury.

     [2]The court will not rule in this order on objections to jury
instructions or, with a single exception, to objections to
exhibits.  The single exception is the objection of Business
Express to the post-accident head-bumping incident concerning
another passenger and to evidence of removable bumper pads for
aircraft doorways, which objections, set forth in document 80,
are the subject of the motion to exclude filed by defendant
Beech.  Document 70.  Rulings on objections to exhibits will be
taken up at trial, and rulings on objections to jury instructions
will be taken up at the charge conference prior to jury
arguments.

## 1. The Renewed Motion in Limine to Exclude Evidence as to Plaintiff's Knee Injury, document 71

Filed by defendant Beech Aircraft Corporation (Beech) and joined in by defendant Business Express, Inc. (Business Express) (document 76), this motion seeks to revisit the competence of Dr. Claudia Gibson, a neurologist, to testify to knee injuries sustained by plaintiff Terri Dudley. See Order of Nov. 28, 1995, document 52, at 4. Plaintiffs object. Document 82.

For reasons unclear, Beech, for the first time, attaches to its motion excerpts from the September 29, 1994, deposition of Dr. Gibson. While these excerpts purport to show that Dr. Gibson was not very familiar with Ms. Dudley's knee injuries, the objections raised by the motion go to the weight, rather than the admissibility, of her testimony. Mankoski v. Briley, 137 N.H. 308, 312-13, 627 A.2d 578, 581 (1993); Payton v. Abbott Labs, 780 F.2d 147, 155 (1st Cir. 1985); Walsh v. New London Hosp., 856 F. Supp. 22, 25 (D.N.H. 1994).

Accordingly, the renewed motion to exclude the testimony of Dr. Gibson is denied.


## 2. The Motion to Exclude Post-Incident Evidence Regarding Bumper Pads, document 70

Plaintiffs' human factors expert, Dr. Robert Kennedy, viewed

a certain removable pad affixed to the doorway of a Beech 1900D aircraft while on a California commuter flight in December 1995. The incident which underlies this litigation took place on September 21, 1991.

Beech therefore moves to exclude testimony from Kennedy concerning post-accident removable bumper pads. Its motion also seeks to exclude evidence of a post-accident head-bumping incident concerning another passenger on a flight different from that taken by Ms. Dudley. Plaintiffs object. Document 83.

Taking the last argument first, as the parties have stipulated that there will be no reference to the post-accident head-bumping incident (see Pretrial Order of May 7, 1996, document 88, at 2), the evidence as to such incident will be excluded, and the motion is granted to that extent.[3]

Turning to the removable bumper pads, Rule 407, Fed. R. Evid., generally excludes evidence of remedial measures taken by a defendant, with exceptions for such items as proof of "feasibility of precautionary measures, if controverted." However, Rule 407 does not exclude such remedial measures when they are taken by third parties. United States Fidelity &

---

[3]The court accordingly sustains the objection set forth in paragraph 2 of the objection of Business Express to certain exhibits. Document 80, supra note 2. The subject of that paragraph of the objection is the head-bumping incident herein referred to.

<u>Guaranty Co. v. Baker Material Handling Corp.</u>, 62 F.3d 24, 27 (1st Cir. 1995); <u>Espeaignnette v. Gene Tierney Co., Inc.</u>, 43 F.3d 1, 7 (1st Cir. 1994); <u>Raymond v. Raymond Corp.</u>, 938 F.2d 1518, 1524-25 (1st Cir. 1991).

Recognizing such, Beech argues that the evidence of the removable bumper pad seen by Kennedy in 1995 should be excluded for irrelevance, Rule 402, Fed. R. Evid., or because it is prejudicial, confusing, or misleading. Rule 403, Fed. R. Evid.

The challenged evidence is clearly relevant, and the claim that evidence is prejudicial must be judged in the light of "unfair prejudice"; that is, whether the evidence has "'an undue tendency to suggest decision on an improper basis, commonly, through not necessarily, an emotional one.'" <u>Espeaignnette</u>, <u>supra</u>, at 7 (quoting Rule 403, advisory committee note). Thus viewed, the court finds that if the proper foundation is laid for the challenged testimony, the evidence of the removable bumper pad should not be excluded. The motion is denied as to this aspect of its contents.

3.  The "Objection" to Evidence of Irrelevant or Post-1991 Design Standards, document 87[4]

It appears that Dr. Kennedy (and possibly other of the plaintiffs' experts) reviewed certain design handbooks in preparation of their testimony.  Included were the 1992 version of the Woodsen Human Factors Design Handbook, certain standards of the National Aeronautic and Space Administration (NASA), and certain design criteria for military systems, equipment, and facilities.

Contending that such documents are irrelevant to these proceedings, defendant Beech seeks to bar any reference to them at trial.  The plaintiffs have filed no written objection to this motion.

The 1992 version of the Woodsen Handbook is irrelevant to these proceedings, and no reference thereto shall be made in the course of testimony at trial.  The relevance of the NASA and military systems compilations appear similarly to be irrelevant, but definitive ruling on their use must await development (or lack thereof) of a proper foundation of relevance at trial.

Accordingly, the motion is granted in part and denied in

_____

[4]Captioned as an "objection", the pleading at issue actually moves the court to exclude the evidence it claims to be objectionable.

part.[5]


4. Conclusion

For the reasons outlined, the renewed motion to exclude the testimony of Dr. Gibson is denied. Document 71. The motion to exclude post-incident evidence regarding bumper pads is granted in part and denied in part. The "objection" to evidence of post-1991 design standards is sustained in part and overruled in part. Document 87.

The case is now in order to proceed with jury selection commencing at 9:30 a.m. on Tuesday, May 21, 1996.

SO ORDERED.


                                        _____
                                        Shane Devine, Senior Judge
                                        United States District Court

May 15, 1996

cc:  David S. Osman, Esq.
     Garry R. Lane, Esq.
     Ronald L. Snow, Esq.

_____

[5]Where denial of any motion in this order is grounded on development of a foundation for admissibility at trial, the movant will of course be afforded opportunity to challenge such foundation.